JANVIER, Judge.
Plaintiff appeals from a dismissal of suit against Renis Walters and his liability insurer, New York Fire & Marine Underwriters, Inc., for personal injuries and property damages incurred as the result of a collision between his car and that of Mr. Walters on July 15, 1964 on Peters Road in Jefferson Parish, Louisiana. Hereinafter reference to Defendant will be to Mr. Walters alone.
It is undisputed that both cars were traveling south on Peters Road, which has one lane for northbound and one lane for southbound traffic; that Defendant entered the northbound lane attempting to pass Plaintiff; and that Plaintiff’s car was struck in the left rear panel while he was in the process of making a left turn in front of Defendant’s oncoming vehicle.
*430 Plaintiff testified that just before he reached his place of employment, he put out his hand but did not use his turn indicator; that, at the same time, he looked into his rear view mirror and saw Defendant’s car in the middle of the roadway about five car lengths behind him; and that while making a turn into his employer’s driveway, he heard the squealing of brakes and felt the impact.
Defendant testified he was traveling 45 miles an hour, 10 miles above the speed limit; that he was about 80 feet from Plaintiff’s car when he entered the left lane to pass, at the same time blowing his horn to warn Plaintiff; that when he was about 40 feet behind Plaintiff’s car, Plaintiff, without any prior signal, began to make left turn in front of him; and that he applied his brakes and tried to avoid hitting Plaintiff’s car to no avail. The record reveals that it was a clear day and there were no other vehicles in the vicinity.
Our jurisprudence is to the effect that a motorist attempting a left turn should exercise the highest degree of care and be made safely with regard to overtaking as well as oncoming traffic. Scott v. Hardware Dealers Mutual Insurance Co., La.App., 189 So.2d 29; Freeman v. Liberty Mutual Insurance Co., La.App., 175 So.2d 659; Wesley v. Home Indemnity Co., 245 La. 133, 157 So.2d 467; Aetna Casualty & Surety Co. v. Crow, La.App., 86 So.2d 212.
The Trial Judge found that Plaintiff began his turn when he was only 40 feet in front of Defendant’s vehicle and that if Plaintiff had looked into his rear view mirror immediately before turning, he would have realized that he could not negotiate the turn in safety. We agree with these conclusions. Therefore it is evident Plaintiff was negligent in failing to exercise the high degree of care required of him.
Plaintiff relies on Easter v. Davis, La.App., 153 So.2d 463, in which this court found a motorist attempting a left turn not guilty of negligence because of the excessive speed of the oncoming motorist. However, in the cited case the oncoming vehicle left 70 feet of skid marks before the point of impact and 105 feet of skid marks after the collision. Furthermore, the left-turning motorist began her turn when the oncoming motorist was a block away. Therefore we find this case is not apposite here.
Regardless of the fact that Defendant was operating his car 10 miles in excess of the speed limit, Plaintiff’s contributory negligence bars his recovery.
For the above reasons the judgment is affirmed; Plaintiff to pay all costs in both courts.
Judgment affirmed.