CHASEZ, Judge.
This case involves an automobile-dump truck collision which occurred on February 22, 1967 at or near the intersection of West Esplanade Avenue and Lime Street, a so called “T” intersection, in Metairie, Jef *793 ferson Parish, Louisiana. The dump truck was occupied by its owner, Jack Porter, plaintiff-appellant, who was driving, and Percy Devine, plaintiff-appellant, who was a passenger in the truck. The car was driven by Vernon Sprawls, the un-emancipated minor son of Francis Sprawls, defendant-appellee. Miss Elva Averette was a passenger in the Sprawls vehicle. All-State Insurance Co. was Sprawl’s insurer and is also a defendant-appellee.
Both streets involved are two-way, two-lane hard surfaced roadways approximately twenty feet in width. West Esplanade lies generally in an East-West direction while Lime Street runs North and South and forms a “T” intersection at the South side of West Esplanade. At the time of the accident both vehicles were traveling West on West Esplanade. The accident occurred when the Porter dump truck attempted to turn left into Lime Street, while the Sprawls automobile was attempting to overtake and pass the truck.
Plaintiffs, Jack Porter and Percy Devine, claimed injuries in the accident in question and filed suit against Francis Sprawls and his liability insurer, Allstate Insurance Co. Judgment in the lower court was rendered in favor of plaintiffs, Jack Porter being awarded a total of $824.57, and Percy Devine a total of $1213.76. Plaintiffs filed a devolutive appeal from the judgment seeking an increase in the awards and defendants have answered the appeal seeking reversal of the decision of the lower court and dismissal of plaintiffs’ demands at plaintiffs’ costs.
It is without question in law or jurisprudence that a left turn is a hazardous maneuver to execute and that the left turning driver is held to a very high standard of care. The law imposes on the driver the duty of ascertaining whether the left turn can be safely executed without endangering either oncoming or overtaking traffic. Templet v. Walters, La.App., 204 So.2d 429 (4th Cir. 1967).
However, the general rule that a left turn is not to be undertaken until a driver ascertains it can be made in safety is subject to the exception that a motorist has the unquestioned right to assume the following traffic will observe all the duties imposed on it by law and common sense, such as that the following traffic is proceeding within the speed limit and will not pass at an intersection where passing is prohibited; and moreover, that the drivers of such vehicles are keeping a proper lookout. Breland v. American Insurance Company, La.App., 163 So.2d 583, (2nd Cir. 1964); Faulkner v. Ryder Tank Lines, Inc., La. App., 135 So.2d 494, (2nd Cir. 1961); Procell v. Strange, La.App., 203 So.2d 739, (3rd Cir. 1967). The court in Faulkner v. Ryder Tank Lines, supra, found that it is not necessary for a motorist desiring to make a left turn on a city street to wait until no traffic is in sight, but may move after making a survey of traffic conditions and honestly believes the turn will be safe. Porter, plaintiff in the instant case, testified that he slowed to 5 miles per hour, gave both a hand signal and a mechanical signal and was hit when he attempted his turn into Lime Street.
Counsel for defendant maintains that the trial court erred in finding the defendant Sprawl’s son guilty of negligence. However, negligence on the part of the defendant cannot seriously be disputed, Vernon Sprawls having frankly admitted that he was driving at least ten miles in excess of the posted speed limit of 20 miles per hour and the record having shown conclusively that the driver was attempting to pass the Porter truck within 100 feet of an intersection without warning of his intention, clearly violating the law. L.S.A.-R.S. 32:75 and 32:76, subd. A(2). The trial judge found as matters of fact that Porter, the turning driver, did signal for a left turn before reaching Lime Street and that Vernon Sprawls either did not see or else ignored the signal and hoping to pass the truck he drove his car at a speed in excess of the posted limit of 20 miles per hour and did drive his car into the truck. The trial court found these actions of Vernon Sprawls to be negligence which *794 was the proximate cause of the accident. Being in the position to hear the testimony, the trial judge is obviously more able to clearly weigh and evaluate the evidence and testimony. We have no quarrel with the trial court’s findings of facts or conclusions and thus adopt them for purposes of this appeal.
Defendant’s next argument is that plaintiff was contributorily negligent. Contributory negligence is, of course, a question of fact. Being a question of fact, this issue must be resolved in light of the particular circumstances surrounding the accident in question.
In order to support its position that plaintiff was contributorily negligent, defendant appellee cites the cases of Howard v. Fidelity & Casualty Company of New York, La.App., 179 So.2d 522, (3rd Cir. 1965); Templet v. Walters, La.App., 204 So.2d 429, (4th Cir. 1967); and Evans v. Thorpe, La.App., 175 So.2d 418 (2nd Cir. 1965). In each of these cases a left turning motorist was held not to have exercised the standard of care required and was thus contributorily negligent and barred from recovering. However, we find these cases to be inapposite because in each case cited the accident occurred on an open highway with the left turning motorist turning off the highway, whereas, in this case the accident occurred on an urban street. The reasons for the distinction are primarily that on the open highway vehicles travel at much greater speeds than on city streets, thus traveling a far distance in a relatively short period of time. It then becomes necessary for a turning motorist to be absolutely certain he has time to complete his turn. On the other hand, in a populated area traffic moves at a much slower pace; cars are constantly turning onto and off of any given street and a following or oncoming motorist has a much greater opportunity to avoid an accident such as the one that occurred in this case.
In this case plaintiff was traveling on a narrow street where the speed limit was 20 miles per hour and the testimony indicated he observed the traffic conditions to his rear as he approached the intersection. He reduced his speed to 5 miles per hour and the trial, court found that he signaled for a left turn. An examination of the record discloses that plaintiffs did nothing which would amount to contributory negligence, and it is apparent that the trial judge so held. We find that the plaintiffs were free from fault and that the defendants are liable for damages incurred by the plaintiffs and therefore affirm the trial court’s decision as to the issue of liability.
Plaintiffs-appellants have appealed from the amount of damages awarded to them for pain and suffering. Jack Porter asked for $26,854.57 and Percy Devine sued for $55,503.76. The trial court awarded Jack Porter the sum of $824.57 and Percy Devine received $1213.76. Porter’s award included $500.00 for pain and suffering while Devine was awarded $750.00 for pain and suffering. It is from these latter amounts that plaintiffs have appealed.
On appeal, the award of general damages for personal injuries made by the court a quo should not be disturbed unless the reviewing court finds an abuse of discretion in this regard, taking into consideration that each personal injury should be evaluated according to existing facts and circumstances. Desselle v. Wilson, La. App., 200 So.2d 693 (3rd Cir., 1967); Ballariga v. Hymel, 247 La. 934, 175 So.2d 274; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. In his judgment the trial judge stated that Porter’s injury was diagnosed as a moderate neck and back sprain and questionable muscle spasm on Porter’s left side for which the doctor recommended heat and a hard mattress. Devine was found to have suffered a sprained neck and shoulder with limitation of motion and muscle spasm. The treating physican referred Devine to a physical therapist who saw Devine a total of 19 times and administered therapy treatments. Devine wore a cervical collar for a few weeks. The trial court found further as a matter of fact that Devine’s testimony was grossly ex *795 aggerated and ambiguous. Devine had spent some time in a mental institution. He had also negotiated settlements in two prior accidents, but when questioned about them he at first denied any knowledge of prior accidents and on further questioning suffered a sudden lapse of memory that was restored only by a threat of contempt from the bench. The record further shows that although the accident occurred on February 22, 1967, neither plaintiff consulted a physician until February 27, 1967, and then at the suggestion of their attorney.
Considering the trial court’s function to evaluate the plaintiffs-appellants’ injuries with regard to their magnitude and residual pain, we cannot say that the trial court abused its great discretion in awarding Porter $500.00 and Devine $750.00 for pain and suffering sustained as a result of this accident. We therefore reject the contention of inadequacy raised by plaintiffs’ appeal. An examination of the entire record convinces us that the awards granted by the lower court were neither insufficient nor excessive.
Defendants in their appeal further argued that the driver, Porter, and the passenger, Devine, were joint venturers and that the driver’s contributory negligence should be imputed to the passenger, thus also barring his recovery. However, in light of the fact that we found no negligence, contributory or otherwise on the part of the driver, Porter, or Devine, discussion of this issue is no longer necessary.
In defendants’ original pleading they filed third party demands asking that the driver of the dump truck be joined as a co-tortfeasor in the event that recovery was allowed to the passenger in the truck; however, this third party demand was dismissed by a supplemental judgment on April 3, 1968. We find no merit in defendant’s third party demand and therefore affirm the supplemental judgment dismissing it.
For the foregoing reasons the judgments of the trial court are affirmed; costs to be paid by plaintiffs-appellants.
Affirmed.