CHASEZ, Judge.
Mrs. Josephine Ballanga, wife of Joseph G. Ballanga, Jr., brought this suit to recover damages for personal injuries suffered in an automobile collision. Mrs. Ballanga was a passenger in an automobile driven by her husband, which collided with a car driven by defendant Mrs. Mildred T. Hy-mel. Also joined as defendants were Mrs. Hymel’s husband, Jules J. Hymel, and the Hymels’ insurer, North River Insurance Company. Mr. Ballanga’s insurer, Allstate Insurance Company, was likewise made defendant on an alternative plea, in the event Mr. Ballanga should be held to have contributed to causing the accident by concurrent negligence.
This suit was consolidated with Mr. Bal-langa’s suit against North River Insurance Company for medical expenses, property damage and personal injury suffered by-Mr. Ballanga himself.
From a judgment for $700.00 in Mrs.. Ballanga’s favor against all defendants in. solido she appeals asking an increase in the amount of the award.
The basic factual picture is clear. On-May 9, 1961, Mr. Ballanga was driving-south at 50 to 55 miles per hour along a. straight section of a river road, Louisiana Highway No. 18, towards Taft, Louisiana, within the speed limit. Mrs. Hymel was driving north at about- 20 to 25 miles per hour. At the Taft post office, Mrs. Hymel slowed down and without looking negligently made a left turn into the path of plaintiff’s car, intending to pull into, and park in, the post office area adjacent to the highway. Mr. Ballanga, recognizing the peril' caused by the negligent driving of Mrs. Hymel, immediately applied his brakes,, leaving 90 feet of skid marks, but nevertheless collided with Mrs. Hymel’s car.
It is clear that Mrs. Hymel was-negligent in making a left turn on a highway in the face of an oncoming car, little-more than 100 feet away and travelling at a speed of 50 to 55 miles per hour. The-liability of Mrs. Hymel, of her husband for whom she was on a community mission,, and their insurer, is established.
The medical evidence reflects that Mrs. Ballanga suffered contusions and' hematoma of the forehead, and contusions, and a large hematoma involving three ribs, other facial contusions, and a quarter inch: laceration of the scalp, and an injury to her neck described by her treating physician as-a mild whiplash injury and described by an-orthopedist as “a mild ligamentous sprain syndrome” to the cervical spine area. There is no other expert evidence relative-to Mrs. Ballanga’s injuries. Mrs. Bal-langa herself testified that she was required-to use a neck halter for cervical traction-for fifteen minute periods twice daily for two weeks then two or three times a week. *471 and then once a week until about three months after the accident. However, plaintiff does not suffer any residual disability and it does not appear that she experiences any residual discomfort.
In -his reasons for judgment the trial judge described plaintiff’s injuries as “contusions, hematoma and a mild back sprain” and awarded $700.00 in recompense for those injuries. In our opinion the learned trial judge erred in fixing quantum for Mrs. Ballanga’s injuries.
The record shows she suffered a whiplash injury in addition to several other injuries. We believe that the characterization of plaintiff’s cervical injury as a mild back sprain was erroneous and that the award of $700.00 does not adequately compensate her for the whiplash injury she actually suffered. Awards in whiplash injuries vary greatly according to the severity of the injury. See Cassreino v. Brown, La.App., 144 So.2d 608 (1962), reviewing awards in such cases. For the whiplash injury involved in the case before us we "believe a proper award should be $2,000.00.
For the other injuries suffered by Mrs. Ballanga, the contusions and hematoma, we •consider $500.00 a proper quantum. Accordingly, the judgment in Mrs. Ballanga’s favor must be increased to the total amount ■of $2,500.00.
Insofar as Allstate Insurance Company is concerned, the judgment against it will not be increased in amount. Alí-state was Mr. Ballanga’s insurer, and we find that Mr. Ballanga was not negligent in his operation of his automobile. He -maintained a proper lookout, was proceeding within the speed limit set by law and •saw Mrs. Hymel’s car approaching; when •she began her left turn he applied his brakes .and made every reasonable effort to avoid the collision. But Mrs. Hymel’s reckless 'left turn made the accident inevitable. The ■ district court concluded he was guilty of •concurrent negligence in failing to maintain .a proper lookout and to keep his vehicle ••under control; the Court also referred to his “high rate of "speed,- attested to by 90 feet of skid marks”.
The 90 feet of skid marks does not suggest a speed in excess of the speed limit. The pictures of the physical damage to the two automobiles indicate that the cars were not travelling very fast when the collision occurred. Mr. Ballanga was driving at a lawful rate of speed, and was not required to reduce his speed merely because he saw another car coming towards him on the highway. When the other car began to make its left turn, and created a dangerous situation, Mr. Ballanga was obliged to do all that he could to avoid the accident. Our careful reading of the entire record fails to disclose any lack of reasonable effort on his part in his attempt to avoid the accident, which the court found occurred in the lane of traffic opened to plaintiff. We find no negligence at all on Mr. Ballanga’s part, and his insurer is therefore not answerable for the increase we are adding to the award of Mrs. Ballanga.
Mr. Ballanga’s insurer, Allstate Insurance Company, neither appealed nor answered the appeal. But it now cites Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963), as authority for granting it relief by way of reversal of the judgment as to itself. In the Emmons case three defendants were alleged to be solidarily liable and the two defendants cast in judgment appealed from that part of the judgment dismissing the suit as to the third defendant. The Supreme Court held the appeal good, in spite of the fact that the plaintiff had not appealed from that aspect of the judgment, and the defendants cast had not made a third party demand against the third defendant in the trial court. In the Emmons case, the parties seeking relief appealed. Here, there is neither appeal nor answer to appeal filed by Mr. Ballanga’s insurer, Allstate, as required by LSA-C.C.P. art. 2133 of a party who desires any modification of a judgment; Southern Produce Company, Inc. v. The American Insurance Company of New *472 ark, New Jersey, La.App., 166 So.2d 59; Vosbein v. Arras, 149 So.2d 727 (La.App.1963).
We therefore cannot afford Allstate Insurance Company any relief as to the $700.00 judgment below.
Accordingly, the judgment insofar as it runs in favor of plaintiff and against Mrs. Hymel, Mr. Hymel and North River Insurance Company in solido be increased to the sum of $2,500.00; and as thus amended and in all other respects the judgment is affirmed; the above named three appellees are cast for the costs of this appeal.
Amended and affirmed.