175 So.2d 274

Mrs. Josephine BALLANGA, Jr.

v.

Jules J. HYMEL, Mrs. Mildred T. Hymel, North River Insurance Company and Allstate Insurance Company.

No. 47506.

March 29, 1965.

Rehearing Denied June 7, 1965.

Schoemann, Gomes, Ducote & Collins, Rudolph R. Schoemann, New Orleans, Morris G. Becnel, Joel T. Chaisson, Luling, for defendants-appellees-petitioners.

Axel E. Paulson, Curtis R. Boisfontaine of Sessions, Fishman, Rosenson & Snellings, New Orleans, for respondents.

HAMITER, Justice.

Mrs. Josephine Ballanga, Jr., the plaintiff in this tort action, seeks damages for personal injuries sustained by her in a collision of two automobiles, she having been a guest passenger in one of the vehicles which was driven by her husband.

Named as defendants were Mrs. Mildred T. Hymel, the driver of the other car, Jules J. Hymel (Mrs. Hymel's husband), and North River Insurance Company (hereinafter called North River), the liability insurer of the Hymel automobile. Allstate Insurance Company (hereinafter referred to as Allstate), the insurer of the Ballanga vehicle, was made a defendant also.

The district judge held that the negligence of both drivers proximately caused the accident. Accordingly, he rendered a solidary judgment in plaintiff's favor against all defendants for $700.

Plaintiff appealed to the Court of Appeal, Fourth Circuit, seeking an increase in the award. None of the defendants appealed or answered plaintiff's appeal.

Following a consideration of the matter, the appellate court concluded that the collision had occurred as the result of the negligence of Mrs. Hymel and that Ballanga was in no manner at fault. Further, it held that plaintiff was entitled to an increase of $1800 (or a total of $2500) for the injuries suffered by her; but that since Ballanga was not negligent his insurer (Allstate) should not be cast for the increased damages, although the $700 judgment against it could not be annulled inasmuch as it had not appealed or answered plaintiff's appeal.

Therefore, the judgment of the district court was amended by increasing the award against the Hymels and their automobile insurer (North River) to $2500. In all other respects it was affirmed. 167 So.2d 469.

The Hymels and North River applied for certiorari, they alleging that the Court of Appeal had committed error in increasing the award and, alternatively, in failing to cast Allstate for the damage increase. We issued the writ as prayed for. 246 La. 880, 168 So.2d 105.

Our attention is addressed first to the issue of quantum. All defendants urge that the Court of Appeal erred in failing to follow the decision of this court in Gaspard v. LeMaire et al., 245 La. 239, 158 So.2d 149, the doctrine of which was enunciated and approved in Ballard et ux.

v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64, in that it increased the award made by the district judge without any showing that the latter had abused his discretion when determining the nature and extent of plaintiff's injuries.

In the Ballard case, supra, we said: "A careful study and analysis of the Gaspard case will readily disclose this court simply applied these codal provisions: 'Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it.' Art. 2315. But 'In the assessment of damages * * * in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury * * *.' Art. 1934(3).

" * * *

" * * * On appeal, if * * * quantum is the issue, the court should then review all the facts and circumstances on which the lower court based the quantum of award, but this review is confined to determining whether there has been an abuse of the 'much discretion' vested in the trial court in assessing damages. * * *

" * * *

" * *. * ' However, an appellate court should not fix the amount of the award solely to maintain uniformity of awards, thus ignoring the prerogatives of the trial judge or jury in assessing awards in such cases as set forth in Art. 1934 of the Civil

Code. The amounts of awards in so-called 'similar' cases are relevant only to determine whether there has been an abuse of discretion, but for no other purpose—that is, to determine whether the award is so excessive or so inadequate as to be an abuse of discretion. In this connection it must always be remembered, as said in Gaspard, that ' * * * cases relied upon may be similar in that each of them involves a similar injury such as a broken arm, the loss of an eye or eyes, or the loss of some member of the body. Thereafter, however, the similarity ceases for each case is different, and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration.' "

■ From a reading of the Court of Appeal opinion herein it clearly appears that such court disregarded the language of the Gaspard decision and decided that, because the plaintiff had suffered a mild whiplash, her damages should be fixed in accordance with and within the range of such injuries as are set forth in Cassreino v. Brown, 144 So.2d 608. This, as we said in the Gaspard and Ballard cases, was improper. (We note that the Court of Appeal judgment herein was rendered subsequent to the Gaspard decision and prior to the one in the Ballard case.)

■ With the Gaspard and Ballard decisions in mind we have carefully examin-

ed the evidence adduced at the trial relative to the nature and extent of the injuries of this plaintiff, and we find no abuse of the "much discretion" vested in the district judge respecting his awarding the $700 to her.

Plaintiff's testimony was that she suffered bruises of the nose and face, cuts on her finger, a large hematoma on her left side, bruises of her knee and neck, a small cut in her scalp, and a neck injury. She said that she made numerous visits to her doctor; and that for several weeks after the accident she had to use a neck halter for cervical traction twice a day at first (each for fifteen minutes), then two or three times a week, and later just every now and then "when it started hurting". She also said that she recovered from her injuries in about three months.

The written report of her own doctor, admitted in evidence by stipulation, states that he saw plaintiff after the accident; and it mentioned most of the above cited complaints, referring to the neck injury as a mild whiplash. It is dated twenty days after the collision and concludes with the observation that "she states she is doing well now except for small amt. of pain in neck today". There is no mention therein of the doctor's having prescribed the use of the neck halter or that its continued use was necessary or desirable.

Plaintiff's husband gave testimony similar to that of his wife regarding her injuries and her complaint as to neck pain, except that he stated that she had used the halter "for a couple of weeks."

Photographs of plaintiff, taken by her husband two or three days after the accident, failed to reveal any bruises or cuts on the head and neck; nor are there any visible bandages, although the pictures are startlingly clear. But conceding that such bruises and cuts occurred, obviously they were minimal and superficial.

Plaintiff was examined by defendants' physician one month after the accident, and in his written report he states that she had told him that at that time the only treatment for her neck was local application of salve. With further regard to the neck injury he comments that plaintiff complained "of discomfort in the extreme of hyperextension, however, a full range of flexion, lateral bending and lateral rotation is demonstrated without complaint." The report concludes: " * * * The cervical spine area reveals it to have sustained a mild ligamentous sprain syndrome however at the present time no objective evidence of restricted function capacity can be identified. Although this patient may well experience some sensations of mild soreness in the cervical spine area associated with extreme position, certainly, no restriction in function capacity is present and these sensations of soreness should progressively subside over the next few days. No residual disability is anticipated in either of the areas of injury described above."

Plaintiff's injuries never required her to be hospitalized, nor was she ever completely incapacitated from doing her household duties. She has no residual disability or discomfort. Her total doctor's bill was in the amount of $43, which included her husband's initial treatment following the accident; and her medication amounted to $25.16, the last of the items having been purchased thirteen days after the collision.

Having reached the conclusion that there was no abuse by the trial judge of the "much discretion" vested in him when awarding $700 to plaintiff for her personal injuries, it is unnecessary for us to consider the alternative contention of the Hymels and North River respecting the alleged solidary liability of Allstate for the increase in the award ordered by the Court of Appeal.

For the reasons assigned the judgment of the Court of Appeal is annulled and set aside, and the decree of the district court is reinstated and made the judgment of this court. Costs of the Court of Appeal and of this court are to be paid in the proportion of one-half by plaintiff and one-half by all of the defendants.