HOOD, Judge.
Mrs. Jerome V. Daly claims damages for personal injuries sustained by her as the result of a motor vehicle collision. The case was tried by jury, and it resulted in a verdict in her favor for $1200.00. Judgment was rendered in accordance with that verdict, and Mrs. Daly has appealed. The sole question presented is whether the amount of the award should be increased.
The accident occurred on January 4, 1964, ■on one of the main thoroughfares in the City of Lake Charles. While the car being driven by Mrs. Daly was stopped at an intersection, it was struck in the rear by an automobile being driven by the defendant’s insured. Mrs. Daly sustained injuries to her neck as a result of this accident.
The plaintiff drove her car to her home immediately after the accident, and was unaware of the fact that she had been hurt until later that day when she experienced headaches and pain in her neck. On January 6 she was examined by Dr. Norman P. Morin, an orthopedic surgeon, who concluded that she had sustained a moderately severe myofascial strain of the neck, commonly called a “whiplash” injury. In compliance with his recommendations, Mrs. Daly received five physical therapy treatments per week for a period of three weeks, beginning January 7, 1964. She received these treatments on an out-patient basis at St. Patrick’s Hospital, In Lake Charles, about forty-five minutes being required to administer each such treatment.
Several months later, in August, 1964, she again experienced severe pain in her neck after making a trip by automobile from Lake Charles to Mobile, Alabama, and then back to Lake Charles. She again contacted Dr. Morin, who at that time found that she had “moderate muscle spasm in her neck, the spasm which previously had subsided considerably, indicating that she had irritated her neck over again.” Upon his advice, Mrs. Daly obtained physical therapy treatments for an additional period of two weeks.
Plaintiff was seen by Dr. Morin a total of nine times. He has never discharged her, but the last time he saw or examined her was on November 3, 1964, about four or five months before the trial. On that examination, he found that although she had mild spasm in the mid-upper back, at the base of the neck, she nevertheless had full range of motion of her neck, without pain. He concluded that within four to six months Mrs. Daly would have no further residual orthopedic disability.
The evidence shows that in 1961, about three years prior to this collision, Mrs. Daly was involved in a similar accident, in which she sustained injuries to her neck. The accident which occurred in 1961 caused considerably more damage to her automobile than did the one which precipitated this suit, and the neck injuries which plaintiff sustained at that time apparently were of a much more serious nature than were those which she sustained in the last accident. Immediately after the 1961 collision, Mrs. Daly was hospitalized for about one week, she wore a neck brace for four or five months, and she remained under the treatment of an orthopedist for at least fifteen months. She states that after the 1961 collision, and continuing up to the time the second accident occurred, her neck pained her periodically, “with a change of weather and things like this, or if I were to do anything extremely strenuous,” although it *474 did n°t prevent her from performing her regular housework or other activities, which included bowling, dancing, puttering in the yard and working with young people’s organizations. ' We note that she gave birth to her fourth child during this period, about three months before the second accident occurred.
Mrs. Daly testified that after the second accident, which occurred in January, 1964, she has been unable to perform her household duties as well as she did before that time, and that she has had to discontinue some of her other activities. She states that she gets tired easily, that she experiences discomfort in the neck about once a week or once every two or three weeks, and that at the time of the trial she still was having a “tightness through the neck and shoulders” when she sits in one position a long time or does something strenuous. The record shows that Mrs. Daly has not been hospitalized or bedridden and she has not had to wear a neck brace at any time since the last accident occurred.
Our review of these facts convinces us that the award made in this case is adequate for the injuries which Mrs. Daly sustained, that it is not out of proportion with awards made for similar injuries in other cases, and that the jury did not abuse its “much discretion” in making such an award. See Ballard, et ux v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64; Ballanga v. Hymel et al., 247 La. 934, 175 So.2d 274; Davis v. Cooperative Cab Company et al., La.App. 4 Cir., 176 So.2d 152; Austin v. Carriers Insurance Company et al., La.App. 2 Cir., 176 So.2d 754; and Crisler et al. v. American Motorists Insurance Company et al., La.App. 2 Cir., 177 So.2d 187.
Plaintiff argues, however, that the trial court erred in permitting counsel for defendant to argue to the jury that any award made by them will have an effect on insurance rates. Also, she contends that the trial judge erred in refusing to give a special charge which she requested relating to the aggravation of old injuries. It is argued1 that the comment made by defendant’s counsel tended to prejudice the jury against plaintiff, and that the refusal of the court to give the requested charge prevented plaintiff from obtaining a higher award. She-contends that because of these errors she is entitled either to an increase of the award or to have the case remanded to the district court for a new trial.
We find no merit to these arguments. The record does not show what statements were made to the jury by defendant’s counsel. It does show that immediately afer an objection was made, and again in the general charge, the trial judge specifically instructed the jury that it was to decide the case on the basis of the evidence-presented and not on the arguments of counsel. Assuming that statements were made-by defendant’s counsel substantially as charged by plaintiff, we think plaintiff’s-rights were adequately protected by the instructions which were given to the jury by the trial judge.
The substance of the special charge,, which was requested by plaintiff but refused by the trial court, was included in the general charge given to the jury. A comma was incorrectly inserted in one sentence in. the written charge, however, and plaintiff points out that, with this error in punctuation, the written charge technically contains an incorrect statement of the law. We agree that this particular sentence in the written charge, as incorrectly punctuated, technically can be construed as containing a misstatement of the law. This charge, however, was given orally to the jury, and we are completely satisfied that the jury was not misled in any manner by the misplaced comma which appeared in the written charge.
For the reasons herein assigned, the judgment appealed from is affirmed. All costs of the appeal are assessed to the plaintiff-appellant.
Affirmed.