SAMUEL, Judge.
This is a suit for personal injuries and other damages resulting from an automobile collision. The accident occurred on August 7, 1965 when plaintiff was 68 years of age. He was the owner and driver of a vehicle which, while stopped, was struck in the rear by another automobile. Named defendants are Jeff D. Reeves, the owner-driver of the other vehicle, and his alleged automobile liability insurer, The Continental Insurance Company. An answer to the petition was filed by the individual defendant and by The Fidelity & Casualty Company of New York averring and admitting that Fidelity, and not Continental, was the proper public liability insurer of the individual defendant. Continental made no appearance and thereafter all proceedings were taken contradictorily between plaintiff and the two proper defendants, Reeves and Fidelity. Prior to trial the defendants stipulated liability on their part and the only issue before that court was quantum.
After trial judgment was rendered in favor of plaintiff and against both defendants, in solido. In his written reasons for judgment the trial judge stated plaintiff should recover $1,300 for personal injuries, $50 for doctor’s bills and $50 for deductible property damages to his automobile. He also stated that a plaintiff witness, Dr. Brau, was entitled to an expert fee of $100, taxable as costs. However, the decree only awards plaintiff damages in the total amount of $1,400 and makes no mention of the expert fee. As it is quite clear the trial judge intended to include in the $1,400 figure only the awards for personal injuries, medical expense and automobile damages and inadvertently failed to include the expert fee of $100 in the decree, we will amend, revise and correct the judgment so as to include the expert fee.
Defendants have appealed. In this court they make only one contention, that the award for personal injuries is excessive. The award is based on a finding that as a result of the accident plaintiff sustained a *795 mild injury to the neck and low back and an aggravation of a pre-existing epididymo-orchitis. Defendants argue plaintiff has failed to carry his burden of proving by a preponderance of the evidence that the preexisting condition was aggravated by the accident and the award is excessive even if this court is of the opinion there was such an aggravation.
The record contains the testimony of only two witnesses, plaintiff and his treating physician, Dr. Kermit Brau, a physician and surgeon engaged in the general practice of medicine. Both testified on behalf of plaintiff ; the defendants offered no evidence of any kind.
Dr. Brau testified: On August 1, 1965, one week prior to the accident, he began treating plaintiff for epididymo-orchitis, a condition involving inflammation of the seminal ducts and tubes connecting those ducts to the testes. The condition caused pain, swelling and tenderness in plaintiff’s right testicle and groin. When he saw plaintiff on August 6, 1965 there was no more pain or swelling and there had been a complete recovery from the epididymo-or-chitis. He saw plaintiff regarding the accident on August 9, two days after the collision occurred. At that time he found muscle spasms of plaintiff’s neck and lower back. Treatment was administered in the form of muscle relaxants. On that date plaintiff had no complaint concerning his testes hut on August 11 he did complain of pain and tenderness in the right testicle. He told the doctor the automobile seat was thrown forward in the accident and he had felt pain in the area at that time. Examination revealed swelling, pain and tenderness in the testicle. Plaintiff was treated for this condition until August 30, 1965 at which time Dr. Brau felt the condition had cleared. With regard to plaintiff’s trouble with his neck and lower back, Dr. Brau found some slight muscle spasm on August 11 but did not consider further treatment necessary. The doctor was of the opinion that prior to the time of the accident plaintiff had completely recovered from the epididymo-orchi-tis and the accident had aggravated and caused that trouble to reoccur. Shortly before the date of trial plaintiff had another reoccurrence of the epididymo-orchitis but Dr. Brau was of the opinion this last episode was not related to the accident.
Plaintiff testified as follows: When the collision occurred he felt an “electric-like” shock in his testicles and a dullness and numbness in his neck. Before he reached home he developed a sensitiveness in his back and at the base of his neck. He tried some home remedies to obtain relief, using salve or liniment. The accident happened on a Saturday and he saw Dr. Brau the following Monday. The doctor prescribed medication which produced satisfactory results. The actual neck pain, without motion, persisted for a very sho.rt time but sensitiveness to motion or movement of the neck continued to the time of trial, almost two years after the accident. At the time of trial movement of the neck to the extreme left or right did not cause pain but resulted in a feeling which plaintiff described as a “stop or buffer to stop movement”. As a result his neck movements are now more restricted than they were prior to the accident. Insofar as the epididymo-orchitis is concerned, plaintiff stated the constant, severe pain had left the testicle at the time of the accident and he was progressing satisfactorily although the area was still sensitive to touch or movement. After the accident the testicle again was swollen and the pain returned, remaining for between a week and two weeks. However, sensitivity to touch or movement continued for quite some time thereafter and he was required to be very careful to keep from aggravating the condition.
The defense argument, that plaintiff has failed to carry his burden of proving by a preponderance of the evidence that the pre-existing epididymo-orchitis was aggravated by the accident, is without merit. The only evidence contained in the record relative to this question is the testimony of the treating physician, Dr. Brau. His opin *796 ion that plaintiff had completely recovered from the epididymo-orchitis prior to the time of the accident and the accident had aggravated and caused that trouble to reoccur was accepted by the trial judge and, standing uncontradicted, that testimony certainly constitutes sufficient proof of the fact that the accident caused the reoccur-rence.
Plaintiff is entitled to recover damages for both the injuries to his neck and lower back and the pain and suffering which accompanied the reoccurrence of the epidid-ymo-orchitis. We are satisfied, as apparently was the trial judge, that plaintiff suffered some severe pain over a relatively short period of time and has continued to suffer some discomfort and trouble even to the time of trial.
Under these circumstances, and after our examination of the cases relative to quantum cited by both counsel (none of which involves epididymo-orchitis or a similar condition), we are of the opinion that the award of $1,300 to the plaintiff for his personal injuries is not excessive to the extent that it constitutes an abuse of the “much discretion” vested in the trial court in assessing such damages. Accordingly, we will not disturb the award. See Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Ballanga v. Hymel, 247 La. 934, 175 So.2d 274; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
For the reasons assigned, the judgment appealed from is amended and recast so as to read as follows: It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, John A. Caris, and against the defendants, Jeff D. Reeves and The Fidelity and Casualty Company of New York, in solido, in the full sum of ONE THOUSAND FOUR HUNDRED AND NO/100 ($1,400.00) DOLLARS, with legal interest thereon from date of judicial demand until paid. It is further ordered, adjudged and decreed that the expert fee of Dr. Kermit Brau be and the same is hereby fixed at the sum of ONE HUNDRED AND NO/100 ($100.00) DOLLARS and taxed as part of the costs of this suit. As thus amended, and in all other respects, the judgment appealed from is affirmed; all costs in this court and in the trial court to be paid by the defendants-appellants.
Amended, recast and affirmed.