REGAN, Judge.
The plaintiffs, Mr. and Mrs. Vernon J. Haik, filed this suit against the defendants, New Orleans Public Service, Inc., and the Employers Fire Insurance Company,[1] the public liability insurer of the Millet Funeral Home, endeavoring to recover the respective sums of $31,279.88 and $15,150.00, representing damages for personal injuries which they assert were incurred as the result of the joint negligence of the driver of the Millet ambulance in which they were guest passengers, and the negligence of the operator of the bus.
The defendants answered and denied all of the accusations of negligence set forth in the plaintiffs’ petition. In addition, each defendant asserted that the accident was *592 caused by the negligence of the other, and alternatively sought indemnity or contribution in the event that they should be held liable to the plaintiffs.
Following a trial on the merits, the lower court rendered judgment in favor of Vernon Haik in the amount of $7,500.00 and in favor of Mrs. Haik in the amount of $850.00.
From that judgment, the defendants have prosecuted this appeal, and the plaintiffs have filed an answer thereto requesting an increase in the award.
This case was consolidated with the case entitled “Laurice Shmon, Divorced Wife of Jimmy Shmon v. New Orleans Public Service, Inc., and Employers Group Insurance Company” in which Mrs. Shmon sought to recover $15,380.00 for damages incurred by her in the same collision. She likewise asserted that her injuries were caused by the joint negligence of the operator of the ambulance and the driver of the bus.
The record discloses that the three plaintiffs in these consolidated cases were guest passengers in an ambulance owned by the Millet Funeral Home and operated by Gary Templet, its employee. The ambulance was engaged in transporting Vernon Haik’s mother, who was seriously ill, from Edgard, Louisiana, to the Charity Hospital in New Orleans.
Haik was seated in the front seat of the ambulance next to the right door thereof, and Carl Vicknair was seated between the driver and Haik. The two women plaintiffs, the younger Mrs. Haik and Mrs. Shmon, were in the rear of the ambulance consoling the ill woman.
The ambulance was being driven in Tulane Avenue in the general direction of the Mississippi River. In order to reach the emergency entrance to the hospital, the operator was required to execute a right turn onto La Salle Street, which intersects Tulane Avenue and services the side of the hospital. The ambulance driver was moving in the neutral ground lane of Tulane Avenue, which is a three lane thoroughfare. Directly in front of Charity Hospital, there is a traffic signal light, which was red facing the ambulance. Templet sounded his siren and proceeded to cross against the red light. Thereafter, he moved from the neutral ground lane into the center lane of Tulane Avenue in order to execute a right turn into La Salle Street.
Simultaneously, a New Orleans Public Service bus which had taken on passengers at the bus stop in front of Charity Hospital, which is approximately 25 feet removed from the corner of Tulane and La Salle began to move forward.
While Templet, the operator of the ambulance, was in the process of executing a right turn into La Salle Street, the bus reached the corner and the two vehicles collided.
The left front section of the bus struck the right door of the ambulance, which was adjacent to where Haik was seated and the force of the collision was such that extensive damage was incurred by both vehicles.
The record discloses a plethora of contradictions and self serving testimony involving the respective positions of the vehicles, the question of whether the siren and red light on top of the ambulance were operating before and during the accident and other matters relevant to the negligence of the respective defendants. In any event, the foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the plaintiff’s version of the manner in which the accident occurred, and therefore, concluded that the proximate cause thereof was the concurrent negligence of the driver of the ambulance in executing a right turn at a time when it was unsafe to do so and the negligence of the bus operator in failing to observe and hear the ambulance’s signals and to exercise *593 reasonable precautions against colliding with it in an area which was known to him to be traversed frequently by such emergency vehicles.
The question which this appeal has posed for our consideration is whether that finding of the trial court is so erroneous and unsupported by the evidence adduced in the course of the trial hereof so as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which the accident occurred. The trial judge accepted the plaintiffs’ version thereof and our analysis of the record convinces us that the evidence preponderates in their favor and the judgment is, therefore, correct.
Counsel for all of the litigants make an issue of the amount of the award to Haik. Near the end of the trial, one of Haik’s physicians testified that he had been in a second accident approximately one year after the first, and there was some doubt in the mind of the court as to whether this accident contributed to the duration of the plaintiff’s obvious and rather serious whiplash-type injury. Consequently, on rehearing, the lower court reduced the original award of $9,998.98 to the sum of $7,500.00. The evidence adduced at the trial hereof to prove the injuries incurred by Haik reveals that he suffered a severe whiplash-type injury to his neck, and there was some evidence of bruises and a possible sprain of the lumbosacral area of his back. The seriousness of the plaintiff’s injuries was attested to by Dr. Nick Accardo, who originally examined him on behalf of the defendant, the New Orleans Public Service, Inc. Moreover, Dr. Accardo examined him for a second time approximately a year later but shortly before the second accident. On this occasion, the objective signs and the severity of the plaintiff’s injuries appeared to him to be approximately the same as they were at the time of his initial examination. Under these circumstances, and in view of the existing jurisprudence,[2] we are unable to conclude that the lower court abused the broad discretion vested in it by virtue of the rationale emanating from Article 1934 (3) of the Civil Code.[3]
Both female plaintiffs also answered the appeal and sought an increase in the awards; however, there was no serious argument, either oral or written, made on their behalf with respect to their injuries. Consequently, after reviewing the record, we are convinced that the awards made to them are adequate and fully within the discretion of the trial court.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants are to pay all costs incurred herein.
Affirmed.

. This defendant was erroneously called Employers Group Insurance Company in the plaintiffs’ original petition.

. See Manning v. Herrin Transportation Company, 201 So.2d 314 (La.App.1967).

. Gaspard v. Le Maire, 245 La. 239, 158 So.2d 149 (1963) ; Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964); and Ballanga v. Hymel, 247 La. 934, 175 So. 2d 274 (1965).