WILLIAMS, Judge.
This is an action for personal injuries arising from an automobile accident which occurred on April 4, 1968 at the intersection of Mertis and Frederick Streets in Shreveport. Plaintiff William C. Greene was driving a 1967 Ford police car within the scope of his employment as a policeman for the city of Shreveport when he entered the intersection of Mertis and Frederick traveling north. His car was struck there by an automobile owned by Mrs. L. S. Ay-cock, Allstate’s insured, and being driven at the time by her minor son, Frederick Lee Aycock, 18 years of age. The 1963 Ford driven by Aycock failed to stop for the stop sign at the intersection. Allstate admits liability under the terms of its insurance policy.
*152 The case was tried solely on the issue of damages and judgment rendered in favor of plaintiff in the sum of $850 for pain and suffering, and for past and future disability. Plaintiff appealed, seeking an increase in the award so made, alleging that the trial court’s award was insufficient and constituted an abuse of its discretion.
After the accident plaintiff was taken to Doctors Hospital for emergency treatment where he was treated by Dr. Charles H. Nash, city physician. The doctor found plaintiff suffered abrasions and contusions, a piece of glass lodged in his forehead, an abrasion of the right hand and a strain of the right cervical muscle, that is, a sprain of the neck. Plaintiff also testified that he had received an injury to his left knee which resulted in soreness and caused him to limp for two weeks. Dr. Nash testified he removed the glass from plaintiff’s forehead and treated his other injuries, and saw him again on April 6, 1968 when examination revealed residual tenderness in the neck with restricted motion of the cervical spine and muscle spasm of the posterior cervical muscles. On May 10, 1968 his examination revealed that there was some stiffness of the neck and a subsequent examination on June 4, 1968 resulted in plaintiff’s release. However, the patient continued to have discomfort in the neck and on August 22, 1968 consulted Dr. Nash again. On September 27, 1968 examination showed he had regained full range of motion of the cervical spine and was released. At the time of trial plaintiff testified he continued to have some discomfort in which the weather was a factor. He was never hospitalized, never placed in traction, never required to wear a cervical collar and never had physical therapy treatments. Only heat and medication were prescribed. Medical expenses were small.
Under Civil Code Article 1934(3) much discretion in assessing damages must be left to the trial judge. Under the rule set out in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, 246 La. 963, 169 So.2d 64 (1964), and Ballanga v. Hymel, 247 La. 934, 175 So.2d 274 (1965) the appellate court may review all the facts and circumstances on which the lower court based its award. The only real question here is whether there has been an abuse of the discretion vested in the lower court in the amount awarded plaintiff. Applying this rule to the instant case we do not find that such discretion was abused in awarding plaintiff the sum of $850.
Therefore, the judgment from which appealed is affirmed at appellant’s cost.