SARTAIN, Judge.
This personal injury suit arises out of an automobile accident which occurred in Houma, Louisiana, on July 9, 1971. Involved in this two car, intersectional collision was the plaintiff, Shirley Bourg Foret (now Fontenot) and Gayle A. Hebert, whose automobile was insured by United Services Automobile Association.
At approximately S :20 P.M. on that day, Mrs. Foret was proceeding in a westerly direction on Sunset Boulevard in that city. Mrs. Hebert was traveling in a southerly direction on Church Street and, at the intersection of those two streets, the Church Street traffic is controlled by a stop sign. The collision occurred when Mrs. Hebert failed to stop at the sign.
The defendants stipulated prior to trial as to their liability and the only question before the district court was the amount of damages to be awarded to Mrs. Foret and to John Deshotels, also a plaintiff and the ' owner of the vehicle Mrs. Foret was driving at the time of the collision.
Subsequent to trial on the merits, judgment was rendered in favor of Mrs. Foret in the amount of $816.00 and in favor of John Deshotels in the amount of $460.00. Deshotels’ part of the judgment has been satisfied and only Mrs. Foret has appealed, she seeking an increase in the amount of her judgment.
The record reflects that the appellant’s injuries consisted essentially of a cervical strain, the severity of which is strenuously contested by the defendants. The medical history of that injury indicates that immediately after the accident, she experienced neck and shoulder pain. Within approximately thirty minutes of the accident, she was examined and treated by Dr. Roland Authement, a general practitioner who thereafter followed her case. Dr. Authement testified that initially on July 9, 1971, he conducted a thorough physical examination of her and found that he could detect no physical injuries to the plaintiff other than a slight muscle spasm in the cervical area and the fact that she was tilting her head slightly to the left due to the discomfort she was having at that time. He prescribed medication for her pain and ordered that she wear a cervical brace.
He examined the appellant again on July 14, 22, and 29, and on each occasion found some evidence of muscle spasm and slight limitation of motion, although she continued to show improvement with each visit. By July 29, she had regained a normal range of motion of the neck and on August 5, she no longer had any objective symptoms of cervical difficulty whatsoever.
On that date he found no evidence of muscle spasm, although her complaints of headaches and neck and shoulder pain continued.
*673 Thereafter, Dr. Authement saw Mrs. Foret on ten other occasions prior to January 18, 1972. On these visits he treated her for a variety of other physical difficulties and he also re-examined her neck and shoulders. At no time during these treatments did his examination of the cervical area detect any muscle spasms or other objective symptoms such as she had previously experienced.
Judgment of the district court does not reflect how much of the $816.00 award was allocated for Mrs. Foret’s personal injuries or for her medical expenses. The appellant urges upon us, however, that because of the length of her difficulty, that is, from July 9, 1971 to January, 1972, that the judgment of the trial court is inadequate. We conclude that the judgment should not be disturbed.
Dr. Authement’s testimony was the only medical evidence offered at the trial and it appears that the award made by the district judge is entirely consistent with the injuries diagnosed by that doctor. Mrs. Foret had objective symptoms of a mild cervical strain for a period of less than thirty days. The limitation of motion which she experienced was considered slight by the doctor, as was the muscle spasm. Although it is argued that Mrs. Foret suffered for a period of time much longer than thirty days, there is considerable evidence in the record to the effect that, if in fact she did continue to have cervical pain, which did not manifest itself objectively to Dr. Authement, other factors may have contributed to that difficulty.
It appears that on August 12, 1971, on which day she saw Dr. Authement, she had been involved in an altercation in which she was struck severely in the face, abdomen, and thigh by a male acquaintance. From that date on, as indicated by Dr. Authement’s testimony, it is a matter of conjecture whether her complaints were related to the auto accident or to other factors. On page 50 of the transcript is this testimony by that doctor:
“Q Doctor, can you say with any degree of reasonable medical certainty whether the complaints of Mrs. Deshotel Foret after August 5, were related back to the automobile accident or to the blow to the face?
A I have no idea.”
As noted in McGuire v. Oliver, 227 So.2d 149 (2nd Cir. 1969):
“ . . . the principle is well settled that a tort-feasor is liable only for the direct and proximate results of his wrongful acts or of those for whom he is responsible. Waggoner v. Marquette Casualty Company, 181 So.2d 475 (La.App., 2d Cir. 1965); Livaccari v. United Jewish Appeal, Inc., 126 So.2d 67 (La.App., 4th Cir. 1961—cert. denied); Rainwater v. Timothy, 87 So.2d 11 (La.App., Oris. 1956). Therefore, it is incumbent upon him to establish that the injuries upon which he bases his claim result from acts for which defendants are responsible and not from separate, distinct, and intervening acts with regard to which defendants had neither connection nor responsibility.”
We think that the plaintiff has sustained the burden incumbent upon her from the date of the accident to August 5, 1971. Thereafter, there is insufficient proof that the accident in question had any further effect on her physical condition.
We further conclude that the award of $816.00 for the appellant’s proven injuries is not an abuse of the “much discretion” vested in the trial judge; therefore it will not be disturbed by this court. Ballanga v. Hymel, 247 La. 934, 175 So.2d 274 (1965); Greene v. Allstate Insurance Company, 228 So.2d 151 (La.App., 2nd Cir. 1969); Adam v. Schultz, 250 So.2d 811 (La.App., 4th Cir. 1971). Judgment affirmed at plaintiff’s cost.
Affirmed.