237 So.2d 431 (1970)
L. Wayne SYLVESTER et ux., Plaintiffs-Appellees,
v.
LIBERTY MUTUAL INSURANCE COMPANY et al., Defendants-Appellants.
No. 2899.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1970.
Rehearing Denied June 9, 1970.
Writ Granted September 10, 1970.
Davidson, Meaux, Onebane & Donohoe, J. J. Davidson, Jr., Lafayette, for defendants-appellants.
Guillory, Guillory & Guillory, by Robert K. Guillory, Eunice, for plaintiffs-appellees.
Before FRUGÉ, SAVOY, HOOD, CULPEPPER and MILLER, JJ.
SAVOY, Judge.
This case is on appeal solely on the quantum allowed the parents of John Wayne Sylvester, age eleven, and Elizabeth Claire Sylvester, age twelve, both of whom died as a result of an automobile accident. John lived two hours after the accident, and Elizabeth lived twenty-three hours following the accident. The trial judge awarded each parent $30,000.00 for the life of each child, or a total of $120,000.00 plus stipulated medical and funeral expenses in the sum of $4,878.40. Defendants have appealed, contending that the awards are excessive.
The record reveals that Elizabeth and John were healthy children and above average mentally; and that the family was a close-knit one. There is no medical evidence to show whether the children suffered during the short period of time they lived after the accident. There are medical expenses listed in the petition; however, none of the doctors mentioned in the petition testified at the trial.
The jurisprudence of this state now recognizes that although the trier of fact *432 has a considerable amount of discretion in assessing damages, nevertheless, the appellate court has the duty to review the facts and circumstances and awards made in other such cases in order to determine whether the trial court has abused the discretion vested in it. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, and cases cited therein; McConathy v. United Services Automobile Association, 188 So.2d 470 (La.App. 3 Cir.1966); and, Womax v. Earl Gibbon Transport, Inc., 226 So.2d 573 (La.App. 4 Cir.1969).
Prior to the Womax case, supra, this Court, in McConathy, supra, made the largest award for the death of a child, namely $15,000.00. In the Womax case, supra, the Fourth Circuit reduced a jury award from $50,000.00 for each parent to $20,000.00. This case involved the death of a twenty-year-old son. In McConathy, supra, a thirteen-year-old boy was killed.
Counsel for plaintiff in brief and oral argument cited the case of Mayes v. McKeithen, 213 So.2d 340 (La.App. 1 Cir. 1968), where a jury made an award of $150,000.00 to parents for the death of an eighteen-year-old girl and a thirteen-year-old boy. However, the case was reversed on appeal, and plaintiffs' suit was dismissed. Our State Supreme Court refused to grant a writ, 252 La. 965, 215 So.2d 130. Application was made to the United States Supreme Court. Certiorari was denied by that court, 396 U.S. 868, 90 S.Ct. 108, 24 L.Ed.2d 127.
Counsel for plaintiffs has cited many cases from other states in order to justify the award made by the district court. Because of the different rules of law and statutes of the other states, we did not consider these cases in making an award in the instant case.
After an examination of the cases on this subject, we find the case of Womax, supra, similar with the exception that in Womax the person killed was twenty years of age, whereas in the instant case, the persons killed were eleven and twelve years of age.
We conclude that the trial judge abused his discretion in awarding each parent $30,000.00 for the death of each child and reduce the award to each parent for the death of each child to $20,000.00, or a total of $80,000.00. This is more in keeping with our present jurisprudence. In arriving at our decision, we have taken into consideration the decreasing purchasing power of the dollar.
For the reasons assigned the judgment of the district court is amended by awarding to L. Wayne Sylvester and his wife, Barbara L. Sylvester, the sum of $20,000.00 each for the death of each of their children, John Wayne Sylvester and Elizabeth Claire Sylvester; and, as amended, is affirmed at appellants' costs.
Amended and affirmed.
FRUGÉ, J., dissents on the ground the trial judge was correct.
MILLER, Judge (dissenting).
The award of $30,000 per parent per child is high. But I find it supported by the unusual facts of this case, and I respectfully dissent from the finding that the trial judge abused the "much discretion" left to the judge or jury. I would apply the rule of Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, 132 (1967) that the award "should not be disturbed unless the appellate court's examination of the facts reveals a clear abuse of the discretion vested in the lower court." (Emphasis added.)
My brothers of the majority "find the case of Womax, (226 So.2d 573, La.App. 4 Cir.1969), similar with the exception that in Womax the person killed was twenty years of age, whereas in the instant case, the persons killed were eleven and twelve years of age." But in Womax there is no discussion of the relationship between parents and child. As I read Womax, the *433 only similarity between that case and this is that a child was killed and the parents recovered damages. It seems to me that the majority has held that the award in every case of parents recovering for the death of a child should be the same; that an unusually close relationship between parents and child (or children) or other unusual facts which show a larger loss, would not justify a higher award. I hold to the view that it is our duty to review all facts and when we find that the trial court was impressed with unusual facts, properly in evidence, we too must consider these facts.[1] Again, it seems to me that the majority takes the position that all parents suffer the same loss when their child (or children) is suddenly snatched away. I differ.
As was noted by the Florida Supreme Court as long ago as 1949 (Winner v. Sharp, 43 So.2d 634 at 636, 637)
"* * * Those who have not brought a child into the world and loved it and planned for it, and then have it suddenly snatched away from them and killed can hardly have an adequate idea of the mental pain and anguish that one undergoes from such a tragedy. No other affliction so tortures and wears down the physical and nervous system. Psychosomatic illness of a serious nature may follow. The emotions may be unstrung, the nerves put on edge and the end effect may be a period in a rest home, a mental hospital, serious physical derangement and sometimes death. Damage for mental pain and suffering is one of the late developments in the law and its potentialities are not restricted as they formerly were because so much has been learned of the evil consequences that flow from mental injury."
Mrs. Sylvester has had to continuously use anti-depressant drugs. She has been unable to conceive, and has been treated by two gynecologists, to no avail. I don't find similar facts in Womax or any of the other cases where smaller amounts were awarded. Does this prove additional pain and suffering by the surviving parents? I think it does.
Plaintiffs proved an unusually close relationship with their children. Was this proved in Womax? If it was, I don't find it discussed.
The majority limits discussion of this family to the statement that the children "Elizabeth and John were healthy children and above average mentally; and that the family was a close-knit one." Defendant appellant submits that the family was a "typical, completely normal, well-adjusted, close, American family wherein there was the usual relationship between parents and children."
I find that plaintiffs proved an unusually fine family relationship, and that their loss was more than one finds in the "typical" case. The following factors impressed me.
Seventeen months post accident, Sylvester was 33 years of age and his wife 28. Three children had been born to their marriage, Elizabeth Claire, age 12 when she was killed, Johnny Wayne, age 11 when killed, and Christine, age 10 at the time of the accident. Each child was born in the month of August, and family tradition called for a celebration of all three birthdays at one party each August.
Mrs. Sylvester was critically injured in the accident and was therefore unavailable to assist in making funeral arrangements. Johnny died approximately two hours following the accident at which time Mr. Sylvester made funeral arrangements for the burial of his only son. Mr. Sylvester had to change these arrangements and prepare for a double funeral when (his first-born) *434 Claire died some twenty-one hours later.
Claire was an unusually attractive young lady. Her school work was above average. She was active in 4-H Club work at school and was helpful and proficient with the cooking, sewing and household chores. She was particularly helpful to the family as the older sister to the family's only remaining child, with whom she had shared a bedroom.
Johnny frequently accompanied his father on TV service calls and was able to assist his father with the repair of radios and phonographs. He did his share of the housekeeping chores as well as yard maintenance. He was tall and husky for his age, unusually handsome with a fine personality.
Mrs. Sylvester's entire life was centered around her children. When her children were not in school, she took them with her on her many errands.
The entire family frequently went on all day or weekend outings where they camped. While father and son fished, mother and daughters swam or prepared the meals. At home, father and children frequently joined together to sing to the father's guitar accompaniment, while mother enjoyed her family's talent. They always attended church together and the family "filled an entire pew."
If similar facts were present in the other cases, I can't find them. To find an abuse of discretion, it seems to me that we have to say that no Louisiana child is worth more than $20,000 to any Louisiana parent in a Louisiana State court. I cannot subscribe to that view.
That a Louisiana child is more valuable in a Louisiana Federal court was established in 1958 when the U. S. Court of Appeals, Fifth Circuit, affirmed a Louisiana Federal court award of $30,000 to a Louisiana mother for the death of her Louisiana minor son. The accident occurred in Louisiana. Travelers Insurance Company v. Stanley, 5 Cir., 252 F.2d 115 (1958).
I believe that many of the small awards are entirely justified by the unrecognized application of the doctrine of comparative negligence as set forth in LSA-C.C. 2323. This is not a factor here, for defendants have confessed liability. Many other smaller awards can be explained because of the inability of defendant to respond in damages. That may have affected the Womax decision. Ability to respond in damages is no issue here for Liberty's exposure is substantially in excess of the judgment.
I am not persuaded by the argument that an affirmation would have an adverse economic effect on business, industry and society. Such reasoning does not account for the fact that larger awards would be made had these two children survived, but instead suffered substantial injuries. Note our recent decision in which relatively minor injuries (where LSA-C.C. 2323 would require a reduced award) resulted in an award of $17,500 in damages. Brown v. City of Alexandria, 226 So.2d 600 (La. App. 3d Cir.1969). The higher awards in Louisiana Federal courts and in our neighboring State courts persuade me that the trial court's award should not be reduced on the ground that it would have an adverse effect on business, industry and society.
Failing to find manifest error or an abuse of the trial court's "much discretion," I would affirm the trial court's award. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
I respectfully dissent.
On Application for Rehearing.
FRUGE and MILLER, JJ., vote for rehearing.
NOTES
[1] Only six years earlier, the same trial judge awarded $12,000 to each parent for the death of their 13½ year old child. Fontenot v. Wood, 140 So.2d 34 (La. App., 3 Cir. 1962). It is therefore apparent that the trial judge found that the relationship between these parents and these children justified a larger award.