LOTTINGER, Judge.
This is a suit for personal injuries arising out of an automobile accident filed by Douglas R. Lovett, Jr., as petitioner, against Phillip Reichert, Jr., the driver of the vehicle, the Department of Public Welfare of the State of Louisiana, the employer of Reichert, the Continental Insurance Company, the liability insurer of the vehicle being driven by Reichert, and Aetna Casualty and Surety Corporation, the liability insurer covering any and all vehicles not owned by the Department of Welfare but utilized in pursuance of the duties, etc., of the said Department. Judgment below was rendered in favor of petitioner and against the defendants, jointly and in soli-do, in the sum of $10,000.00, restricting, however, the liability of Continental to the sum of $5,000.00, being the limits of its liability policy. All defendants have taken this appeal.
This suit arises from a collision which occurred on July 18, 1967, at the intersection of America and Napoleon Streets in the City of Baton Rouge, Louisiana. Petitioner, a policeman employed by the City of Baton Rouge, was driving a police vehicle west on America Street. Defendant Reichert was driving his automobile south on Napoleon. Reichert, did not notice, in time, a stop sign posted at the intersection which gives America Street the right-of-way. He applied his brakes just prior to entering the intersection but skidded into it and the front of his car struck the right side of the police car.
As a result of the said collision, petitioner claims that he sustained a back injury. As he was in the course of his work at the time of the accident, the City of Baton Rouge paid his medical expenses and compensation plus an additional sum to make up the difference between the compensation and his regular wages. These payments were recovered by the City in a separate suit which is not a part of this appeal.
*582 At the time of the accident Mr. Reichert was in the scope and course of his employment with the Welfare Department. Accordingly, petitioner joined the Department and its insurer, Aetna, as additional defendants in this suit. Aetna insured the Department against liability which it might incur when its employees used their own automobiles on the Department’s business. None of this, of course, is of much help to Mr. Reichert, as he is not an insured under that policy and since the Department and Aetna may legally demand indemnity from him for whatever sum they may ultimately be obliged to pay petitioner. Mr. Reich-ert’s own policy had limits only of $5,000.-00 per person for bodily injury claims. Continental has paid this $5,000.00, $3,011.-35 of which went to satisfy the judgment of the City of Baton Rouge, and $1,988.65 went to Mr. Lovett to be applied by him to the judgment he obtained below, and which judgment is being appealed herein by Mr. Reichert, the Department of Public Welfare, and Aetna.
There is no question as to the liability of Mr. Reichert for causing the accident and to the fact that the petitioner did sustain severe and painful injuries as a result of the said accident. The only issue is the extent of the damages sustained by petitioner and whether or not there was an error on the part of the Lower Court in awarding the sum of $10,000.00.
Following the accident, petitioner experienced pain in his left leg and received treatment in the emergency room of Baton Rouge General Hospital, where he was treated by Dr. Arlo Chavers. Dr. Chavers diagnosed the injuries as a lumbosacral strain or sprain and paralyphic ilieus. There were subsequent diagnoses by at least two physicians which revealed contusions of the left costovertebral angle approximately seven inches in length, a contusion of the left hip and contusion of the left leg and left knee. Because of the possibility of internal damages, petitioner was kept under observation and treatment until July 21, 1967, when he was released from the hospital. He was seen repeatedly as an outpatient by Dr. Chavers throughout the months of July and August, during which period his condition apparently grew progressively worse.
Because of this worsening in his condition, petitioner was readmitted to the hospital on August 18, 1967, for examination. At this time, a second specialist, Dr. Edel-man, a neurosurgeon, was called in and on August 25, 1967, he performed a myelo-gram which showed an absence of nerve root sleeve of L-5 and S-l on the left which suggested a disc injury. For the period of August 18 until August 25, petitioner was in pelvic traction and was administered muscle relaxants and pain relieving medication.
Although the defendant claims otherwise, the performance of the myelogram and the back exploratory operation was Dr. Edelman’s idea and not that of the patient. No ruptured disc was found in the exploratory surgery. Petitioner remained in the hospital until August 31, at which time he was discharged a second time. He then remained at home and in bed for the next month, and on October 1, returned to light duty. He was continually seen by Dr. Chavers on numerous occasions during the months of September, October, November and December of 1967, and then during January, February, and March of 1968. As late as April 6, 1968, petitioner was still symptomatic and was still under the care of an orthopedist, Dr. McMains, and Dr. Chavers for the injuries he had sustained from the accident. Dr. Chavers testified that petitioner had a “low pain threshold”, that this is a very real condition and is physiological rather than psychological.
Dr. Edelman testified that the myelo-gram that preceded the operation could be very painful, and that the operation itself is painful and is a major or serious operation.
*583 In its reasons for judgment, the Lower Court said:
“From hearing the testimony of the doctors, the Court is of the opinion that plaintiff’s injuries were of sufficient duration and magnitude to normally warrant an award of $2,500.00. Apparently he suffered from the lumbosacral strain and the injuries to his left knee for several months; however, in this particular case a myelogram and exploratory surgery were performed which, in the Court’s mind, substantially increased the damages suffered by the plaintiff. Such an operation is characterized by Dr. Edelman as ‘major surgery and a serious operation’. The anxiety, the risk and the pain and discomfort associated with the post-operative recovery period should be of grave concern to anyone willing to undertake such an operation. Therefore, despite the fact that Lovett’s recovery from the surgical procedure was uneventful and there is no prognosis of permanent disability, the Court is of the opinion that the sum of $10,000.00, should be a fair award for the injury and the operation.”
As of the date of the trial, petitioner was still having minor difficulty with his left knee cap and lower back, but, according to Dr. Chavers, for all intents and purposes, he had recovered by the 30th day of January, 1968.
In Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, the Supreme Court said:
“We recognize that in cases of this type the Constitution makes it the duty of appellate court to review both the law and the facts, but in their examination of the facts these courts must give effect to the basic law set out in Article 1934(3) of our Civil Code that in the assessment of damages in cases of offenses and quasi offenses ‘much discretion must be left to the judge or jury’. This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of the discretion vested in the lower court.”
See also Ballanga v. Hymel, 247 La. 934, 175 So.2d 274; Ballard v. National Indemnity Co. of Omaha, Neb., 246 La. 963, 169 So.2d 64, and Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
In Marcantel v. Southern Farm Bureau Casualty Insurance Company, La.App., 102 So.2d 879, which decision was by this Court during the year 1958, we allowed the sum of $10,000.00 for pain and suffering to the petitioner who sustained a back injury which was described as “a possible disc injury, which the preponderance of the medical testimony is against, to a severe back strain to a mild back sprain.”
The defendants rely on Williams v. Bologna Brothers, Inc., La.App., 194 So.2d, 131, in which we reduced the award from $15,000.00 to the sum of $5,000.00. In that case, however, we said that the petitioner had not proved the causal relationship between a part of her sufferings and the accident, and that she suffered what is commonly referred to as a whiplash injury to her neck and back, as well as an injury to her chest and a laceration of the right knee. We certainly feel that the injuries to the petitioner in the instant case, considering the exploratory surgery performed, were of a much more serious nature than that sustained by the petitioner in the Williams case.
In view of the present jurisprudence of the State, as reflected by the decision in Lomenick v. Schoeffler (supra) as well as the amount awarded during the 1958 case for injuries of a similar nature in Marcan-tel v. Southern Farm Bureau Casualty Insurance Company (supra) we found no error in the award made by the Lower Court and, for the reasons hereinabove assigned, the judgment of the Lower Court will be *584 affirmed, all costs of this appeal are to be paid by defendants.
Judgment affirmed.