285 So.2d 321 (1973)
Jack E. DUPUY and wife, Juanita C. Dupuy, Plaintiffs-Appellees,
v.
Bobbie R. PIERCE et al., Defendants-Appellants.
No. 4314.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
Rehearing Denied December 3, 1973.
Bolen & Roberts, by James A. Bolen, Jr., Alexandria, for defendants-appellants.
Knoll & Knoll by Jerold E. Knoll, Marksville, for plaintiffs-appellees.
Gold, Hall, Hammill & Little, by James D. Davis, Alexandria, for defendant-appellee.
Before FRUGE, SAVOY and DOMENGEAUX, JJ.
SAVOY, Judge.
Plaintiffs, husband and wife, as the surviving parents of their minor daughter, Jacqueline Fay Dupuy, filed this tort action to recover damages for the death of their daughter which occurred on February 12, 1972, when she was struck and killed by a car driven by Mrs. Bobbie R. Pierce.
*322 Named as defendants in the suit were Mrs. Pierce; her husband, C. D. Pierce; Sam T. Hunter, employer of Mr. Pierce and owner of the automobile involved in the accident. Also made defendants were Fidelity and Casualty Insurance Company of New York, the insurer of the Hunter automobile. Allstate Insurance Company was third partied into the suit by defendants as the liability insurer of Mr. Pierce's personally owned car.
After trial, judgment was rendered in favor of each plaintiff in the sum of $25,000.00 as general damages. The district judge also awarded plaintiff husband special damages which were stipulated. Allstate was dismissed from the suit for the reason that the court found it was an excess insurer, and there was sufficient coverage under Fidelity's policy to satisfy any award which might be rendered.
Defendants appealed.
Plaintiffs answered the appeal asking for an increase in the award because of the death of their daughter, and plaintiff wife prayed for an additional award to her of $100,000.00 for mental suffering and anguish for witnessing her minor daughter's death.
Appellants state that the trial court erred in the following respects:
1. In finding that Mrs. Pierce should have seen the child;
2. In not finding contributory negligence on the part of the child;
3. In not finding contributory negligence on the part of Mrs. Dupuy; and, alternatively,
4. In awarding plaintiffs judgment in an excessive amount constituting an abuse of discretion on the part of the trial court.
The record reveals that the accident in the instant case occurred on February 12, 1972, sometime between 9:30 and 10:00 a. m. on Louisiana State Highway 1190. This is a two lane, black topped highway, running east-west with relatively narrow shoulders. The highway is approximately 16 feet wide and has a posted speed limit of 60 miles per hour. The area where the accident occurred is approximately one-quarter mile east of the city limits of Marksville, Louisiana. There are houses on the north side of the highway in the area of the accident, with rural route mail boxes on the south side of said highway, just off the shoulder of the road on the downward slope. The plaintiff's mail box is 19 inches long on a three-inch wide post and four feet, four inches tall. The deceased was approximately eight years of age at the time of the accident and was approximately 4½ feet in height. She remained unconscious from the moment she was struck until her death.
On the morning of the accident, the deceased child left her parents' home, which is about 90 feet from the mail box and crossed the highway to see if there was any mail. As she attempted to recross the highway to return home, she was struck by the automobile driven by Mrs. Pierce while in Mrs. Pierce's lane of traffic. The child's body landed just north of the center line of said highway.
All of the evidence is to the effect that the deceased looked in an easterly direction as she was attempting to cross the highway to return home, but that she never did look in a westerly direction; namely, the direction from which the car driven by Mrs. Pierce was traveling. The record also indicates that prior to the accident, Mrs. Pierce was traveling approximately 35 miles per hour and that the highway in the vicinity of the accident was straight; that there were no weeds, shrubbery, or other obstructions which would have prevented Mrs. Pierce from seeing the decedent near the mail box. The evidence also reveals that the highway in the vicinity of the accident runs in a straight east-west direction.
In his reasons for judgment, the district judge found that Mrs. Pierce was negligent *323 in causing the accident in that she was inattentive, did not blow her horn or apply her brakes before the accident, and that there was no contributory negligence on the part of the deceased.
We shall first discuss whether Mrs. Pierce was negligent in causing the accident. The accident occurred on a clear day, and the evidence is that the deceased wore bright clothing.
The plaintiff mother testified that shortly prior to and at the time of the accident she saw her daughter from a window in her kitchen; that her daughter had crossed the road, opened the mail box, closed the box, turned around to face north towards her house, looked to her right or in an easterly direction but not to her left or westward, and started across the highway from south to north; that when she approached within one foot of the center line, she looked to her left and commenced backing up in a southerly direction, was struck as she attempted to turn to her left.
Mrs. Pierce testified she was paying close attention to the road ahead but did not see anything other than a "flash" or "dash" coming from her right to her left but which she did not recognize as being a child. She did try to avoid it by applying her brakes and swerving her car to the left immediately upon seeing it.
Miss Alice Hammond, who was driving her car a short distance behind Mrs. Pierce and in the same direction corroborated Mrs. Pierce's testimony.
The trial judge chose to believe the testimony of Mrs. Dupuy rather than that of Mrs. Pierce and Mrs. Hammond. He saw the witnesses and observed their demeanor on the witness stand. We cannot say that his conclusions of fact are erroneous.
We next address ourselves to the issue of the contributory negligence of the deceased so as to bar plaintiffs' recovery. The deceased was approximately eight years of age when she died. She was of average intelligence and made average grades in school. Counsel for appellant makes persuasive argument that deceased was contributorily negligent.
The test as to whether a child's conduct constitutes contributory negligence is set forth in Cormier v. Senegal, 180 So.2d 567, in which this court stated:
"In evaluating whether the child's conduct constitutes contributory negligence, the child is required to exercise only the care expected of his age, intelligence, and experience under the particular circumstances presented to him; in this respect, the obviousness or not of the danger to one of the child's years, experience, and intelligence is taken into consideration." Citations omitted.
In Cormier supra, the court defined contributory negligence for a youngster a
"`gross disregard of one's safety in the face of known perceived and understood dangers' (Citations omitted); an intentional exposure to `obvious danger in connection with non-technical and ordinary objects and situations' within the capacity of the child of that age `to appreciate and realize'," (Citations omitted).
The evidence reveals that the deceased had been instructed at school as to the hazards of crossing a street and the proper method in crossing same. Deceased's teacher testified that the child had an I.Q. of 113, which she considered high, and had good grades in both the first and second grades. The mother of the deceased described the child as smart for her age.
We are of the opinion that the deceased panicked and did not willingly expose herself to the danger confronting her. We agree with the trial judge that the deceased was not contributorily negligent.
We next address ourselves to appellants' contention that Mrs. Dupuy was contributorily negligent in allowing her daughter to cross the highway, and that *324 said contributory negligence is a bar to her recovery in the instant case.
In the case of Smolinski v. Taulli, La., 276 So.2d 286, the Supreme Court laid down the test to determine whether a parent would be considered contributorily negligent for an injury sustained by a child. It stated in part that a mother
". . . is required only to use reasonable precautions, and her conduct in this regard is not negligent if, by a common-sense test, it is in accord with that of reasonably prudent persons faced with similar conditions and circumstances" (Citations omitted).
A review of the record reveals that Mrs. Dupuy instructed her daughter on how to cross the highway in order to reach the mail box, and that the minor had been doing it for approximately two years. Under the facts in the instant case, we cannot say that the trial judge erred in not holding the mother contributorily negligent.
The last issue for determination is that of quantum. Mrs. Dupuy has answered that appeal and prays for an award for mental anguish because of her witnessing her minor daughter's death. Such an award is not allowed under the jurisprudence. Holland v. St. Paul Mercury Insurance Co., 135 So.2d 145 (La.App. 1 Cir. 1961); Dudley v. State Farm Mutual Automobile Insurance Co. et al., 255 So.2d 462 (La.App. 1 Cir. 1971).
Appellees contend that the award to them for general damages because of the death of their child should be increased. The district judge awarded $25,000.00 to each parent. This is more than has ever been awarded in this circuit.
In Sylvester v. Mutual Life Insurance Co., 237 So.2d 431 (La.App. 3 Cir. 1970), reaffirmed, La.App., 245 So.2d 497, writ refused, 258 La. 579, 247 So.2d 395, we awarded each parent $20,000.00 for the death of each childan eleven year old boy and a twelve year old girl in a closeknit family.
Counsel for appellees cites the recent case of Wright v. Romano.
In Poston v. Fireman's, 256 So.2d 700 (La.App. 2 Cir. 1972), writ refused, the court awarded $35,000.00 to a divorced mother of a nineteen year old son who lived in his mother's home.
In Wright v. Romano, 279 So.2d 735, (La.App. 4 Cir. 1973), the court awarded each parent $40,000.00 for the deaths of three children. Two of the children were sixteen and thirteen years of age and worked in the family business. There the court placed particular emphasis on the fact that the accident caused the mother and father to lose every one of their children.
Considering all of the cases cited and the evidence in the instant case, we cannot say the district judge abused the discretion granted to him in determining quantum.
For the reasons assigned, the judgment of the district court is affirmed at appellants' costs.
Affirmed.