RUCHE J. MARINO, Judge Pro Tem.
This is an action by a guest passenger against the host driver’s insurance company and against an incorporated municipality and its insured for personal injuries sustained as a result of an automobile accident.
Appellant guest passenger complains of low quantum by the trial judge below, while appellee host driver’s insurance company prays to negative liability, as does the City.
Appellant Mrs. Albert R. Seely was riding in an automobile driven by Mrs. Althea Rita Schweitzer. The Schweitzer vehicle was insured by Federal Insurance Company. The Schweitzer vehicle was proceeding along St. Phillip Street, New Orleans, with Mrs. Seely in the right front seat when all of a sudden a garbage truck, driven by one James Harris, a sanitation employee for the City of New Orleans, in *337 turn insured by the Travelers Insurance Company, seemed to be coming straight at them. The Schweitzer vehicle braked causing Mrs. Seely to go underneath on the floor. There was no physical contact of the two vehicles. Had the Schweitzer vehicle proceeded along its path of travel there would have been no collision. The evidence indicates that Harris was performing an intersectional maneuver by entering the intersection of the one-way, right-of-way street (St. Phillip). The trial judge found that Harris was moving either forward or backward, into or out of St. Phillip Street when the Schweitzer vehicle first saw him and he saw her. Also, Harris had passed a stop sign and had not stopped but had gone into St. Phillip Street to maneuver his truck.
We agree a proximate cause of the accident was the negligence of Mrs. Schweitzer in failing to have her car under proper control and to see what she would have seen had she been attentive to her driving and other vehicles in her path. We further find the concurrent negligence of Harris was also a proximate cause of the accident. He was driving and maneuvering the garbage truck into the intersection without stopping at the stop sign and then reversing himself in an attempt to park.
QUANTUM
At issue here is the damage award assessed in favor of Mrs. Seely. Specials of $2,822.03 were awarded the husband while $2,000 was awarded the wife.
The award is too low. In the assessment of damages in cases involving offenses much discretion is left to the judge (LSA-C.C. art. 1934(3)). The amount of damages assessed by a trial judge should not be disturbed unless an examination of the facts by the appellate court reveals a clear abuse of the discretion vested in the trial court. (Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballanga v. Hymel, 247 La. 934, 175 So.2d 274 (1965); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and many other cases too numerous for citation.)
Plaintiffs’ argument in their brief in this regard is persuasive and we adopt that part hereinafter quoted as our reasons for increasing the award:
“Examining the medical problems as brought out by Dr. McCurley in his testimony, it appears that initially, he diagnosed Mrs. Seely’s injuries as a cervical muscular and ligamentous strain, a contusion of the right deltoid and right quadriceps and the lower right ribs. * * *
“His treatment for these injuries consisted primarily of ultrasound physiotherapy. * * * When Mrs. Seely did not respond to same, and after she started complaining of abdominal symptoms consisting of pain in the upper abdomen, nausea, vomiting and dehydration, the doctor admitted her to Southern Baptist Hospital on May 2, 1969. * * *
“While in the hospital, and after running tests, including x-rays of Mrs. Seely’s stomach, a shallow ulcer was also diagnosed. * * * He attempted non-surgical treatment medically, which consisted of restricted diet, medications by injection and anti-nausea shots. Despite this, she failed to improve, became progressively worse and it became necessary to feed her intravenously with fluids to prevent dehydration. * * *
“This medical therapy having failed, Dr. McCurley sought surgical consultation from Dr. Jack Farley, board certified surgeon, who recommended surgical intervention. * * *
“Dr. Farley performed a vagotomy and pyloroplasty, after which Mrs. Seely showed remarkable improvement. She was discharged from the hospital on May 20th, and followed up with office visits on May 28th and June 9, 1969. * * *
*338 “During direct examination, Dr. Mc-Curley related that he had treated Mrs. Seely previously for an ulcer, when she exhibited abdominal symptoms on June 19, 1968, same being demonstrated by a G.I. series. She was treated by him for same, and a repeat G.I. series on July 1, 1968 ‘showed that the ulcer had healed and that there was no further evidence of any activity of the ulcer; and the patient was asymptomatic and had no symptoms referable to the ulcer at the conclusion of her therapy in July of 1968. [Emphasis added.]’ * * *
“In the interval between July, 1968, and this accident of April 30, 1969, Dr. Mc-Curley did see Mrs. Seely on March 21, 1969, approximately five weeks prior to the accident in question, and he noted that she had no stomach symptoms. * * *
“Relative to the major question of whether or not the ulceric condition, referred to above, could be considered as an exacerbation or aggravation of Mrs. Seely’s prior dormant ulcer, * * * Dr. Mc-Curley states * * * :
‘Q Is it your medical opinion that this accident, and the injury she suffered in that accident, caused the reoccurence [sic] of these symptoms, these ulcer symptoms?
‘A I feel that the stress, both emotionally and physically, was sufficient to cause a recurrence of her ulcer condition.’
“Again, under cross-examination, Dr. McCurley gives his expert medical opinion as to the cause of the ulcer flare-up referred to herein, when he states * * * :
‘A I really believe that the stress and the strain associated with the injuries in her accident, emotionally and physically, was the inducing factor in the occurrence of her ulcer disease. Whether other factors in her life— we know sometimes that when the weather changes, people with ulcer dieseases have trouble. There are many, many factors. But as far as this particular episode, I felt that she probably had a stress ulcer developed as a result of her trauma, and the emtional [sic] shock related to her accident.’
“With respect to the seriousness and magnitude of the surgical interventions entailed in a vagotomy and pyloroplasty, the doctor described these procedures as ‘life threatening,’ * * * and termed both ‘major gastric surgery.’ * * *
“Plaintiffs-appellants maintain that the trial court’s award of $2,000.00 for the injuries and major surgical procedures endured by Mrs. Seely is an abuse of its discretion, and that this court should remedy this abuse by increasing same.
“It has been a well-recognized principle of law that a tort-feasor takes his victim as he finds him, being responsible for whatever is medically attributed to an inflicted tort. (See: Dufrene v. Miller, La.App. 4th Cir., 266 So.2d 462 (1972) writs refused, and the cases cited therein). In this regard the trial court in its reasoning properly applied this rule against the defendants, holding them liable for the special damages incurred by plaintiffs-appellants as a result of Mrs. Seely’s ulcer exacerbation.
“However, allowing $2,000.00 for the cervical strain, various contusions and an eighteen day hospital stay which included major surgical procedures, is extremely nominal, to say the least.
“Plaintiffs-appellants have been unable to find any cases directly involving this type of malady and surgical treatment. However, we do note the following cases for the court’s consideration.
“Dufrene v. Miller [supra] * * * .
“Court of Appeal awarded $7,500.00 to tort victim who had prior history of osteoarthritis, low back pain and possible ruptured disc. The accident in question aggravated this condition and necessitated *339 the removal of a ruptured intervertebral disc.
“Lovett v. Continental Insurance Company, La.App. 1st Cir., 249 So.2d 581 (1971), writs refused.
“Court of Appeal affirmed trial court award of $10,000.00 to tort victim who initially sustained injuries diagnosed as a lumbosacral strain or sprain and paralyphic ilieus. Due to his worsening condition, a neurosurgeon was called in, and he performed a myelogram which suggested a disc injury. The neurosurgeon thereafter performed back exploratory surgery, revealing no ruptured disc. The trial court’s reasons are quite interesting and were quoted by the court of appeal as follows, at page 583:
‘From hearing the testimony of the doctors, the Court is of the opinion that plaintiff’s injuries were of sufficient duration and magnitude to normally warrant an award of $2,500.00. Apparently he suffered from the lumbosacral strain and the injuries to his left knee for several months; however, in this particular case a myelogram and exploratory surgery were performed which, in the Court’s mind, substantially increased the damages suffered by the plaintiff. * * * [Emphasis supplied.]’ ”
It is recognized that uniformity in damage awards is not the criterion for appellate review. Gaspard v. LeMaire, supra. Similar cases and awards therein should be merely guides. Changing economic conditions as well as the individual facts and circumstances of each case require an individualized approach to each case. Under the basic law of our state the “much discretion” rule is stated in Article 1934(3) of the Louisiana Civil Code. Under this rule the amount of damages as assessed by the trial judge should not be disturbed unless the appellate court’s examination of the facts reveal a clear abuse of that discretion. We find that the discretion has been abused and that after checking awards of other cases, used only as an aid in determining whether there has been an abuse of discretion, the award is inadequate and should be increased to $5,500 for pain and suffering as to Mrs. Seely. The balance as to the specials is correct and will not be disturbed. Therefore, the judgment of the trial court is amended to increase the judgment in favor of Mrs. Albert R. Seely for her injuries, pain and suffering from $2,000 to $5,500 and in all other respects the judgment of the trial court is affirmed. Costs of this appeal are to be borne by the appellees.
Amended and affirmed.