COVINGTON, Judge.
This is a suit brought by Mr. and Mrs. Bobby Básele for damages arising out of the death of their eighteen (18) year old son, Wayne Básele, on June 15, 1972, in the Parish of Terrebonne, Louisiana.
Wayne Básele and a friend, Kevin Pi-nell, were riding their bicycles on a side road off Louisiana Highway 24, when they were hit from the rear by a 1972 Oldsmobile automobile driven by Edward Champagne, Jr., eighteen (18) years old at the time of the accident. The Oldsmobile was owned by Edward Champagne, Sr., who was made defendant herein along with his *849 liability insurer, Early American Insurance Company, and the driver, Edward Champagne, Jr.
Louisiana Highway 24 runs generally Southward from Houma towards the settlement known as Bourg and then further South into a settlement known as Monte-gut. In Bourg, a road known as “The Texas Gulf Road”, runs generally East and West; intersecting and extending South is a street known as Boquet Street, on which the Champagne home is situated. Opposite the entrance to Boquet Street and on the north side of the Texas Gulf Road, is a boat shed.
Edward Champagne, Jr., left his home on Boquet Street around 8:30 P.M., proceeded West on the Texas Gulf Road until he met Pinell and Básele on their bicycles traveling East toward the boat shed. He stopped and talked with the boys for a while, inviting them to go to a lounge, “Gatorland”, on Louisiana Highway 24, below or South of the Texas Gulf Road and Louisiana Highway 24 intersection. They declined, stating that they had just come from that direction, and that they were going to the boat shed, which was less than a quarter of a mile away. Champagne, Jr., then left, continued down the Texas Gulf Road to Louisiana Highway 24, and turned left or South toward the Gatorland. Champagne, Jr., did not reach Gatorland. There is a school on the left, or east side of Louisiana Highway 24, situated between the Texas Gulf Road intersection and the Gatorland. As Champagne approached the school, he saw a school bus drive into the school area and followed it out of the yard. The bus turned into the Texas Gulf Road, with Champagne following.
Somewhere before arriving at the point where the accident occurred, Champagne passed the bus which, according to the driver, Alphonse Blanchard, was traveling about 35 miles per hour. Blanchard testified that he noticed a tank truck approaching from the East on the Texas Gulf Road. Right after the tank truck and Champagne, now ahead of the bus, passed each other, Champagne struck the boys on the bicycles, veered to the left and ended up on the right (South) side of the Texas Gulf Road. From all of the evidence discussed and the law applicable thereto, the trial Judge was persuaded that Edward Champagne, Jr., was guilty of negligence in relation to this accident, that his negligence was the sole and proximate cause thereof and the resulting death of Wayne Básele.
Upon that determination, the trial Judge rendered judgment against all defendants, in solido, in favor of Bobby Básele in the amount of $16,165.60, and in favor of Mrs. Helen Básele in the amount of $15,000.00, together with legal interest from the date of Judicial demand until paid, and for all costs. The liability of the insurer, Early American Insurance Company, was limited to $5,000.00 plus interest and its proportionate share of the cost. From this judgment, all defendants have appealed. Bobby Básele departed this life after the judgment was rendered and before this appeal. Upon proper motion, his children, Terry Básele, Robert Básele, Mrs. Sandra Básele Brister and Mrs. Evelyn Básele Angerron were substituted as plaintiffs-appellees herein, together with Helen Básele. The plaintiffs-appellees have answered the appeal and asked that the judgment awarded to Bobby Básele be increased from $16,165.-60 to $25,165.60, and that the amount awarded to Mrs. Helen Básele be increased from $15,000.00 to $25,000.00.
Based on the evidence produced at the trial, it is our opinion that if Champagne had been keeping a proper lookout he should have seen the boys long before he actually did. At the trial Champagne testified as follows:
“Q. When did you first see Wayne and Kevin ?
A. Right before I hit them.
Q. How far where they from you?
A. A matter of feet.
*850 Q. Give us some idea in feet, a specific amount, how far you were from Wayne and Kevin’s bicycles when the first realization struck you, that they were right in front of you?
A. Three to five feet.
Q. Three to five feet ?
A. Yes, Sir.
Q. Do you have any explanation at all why you didn’t notice them earlier.
A. No Sir.”
Positive evidence at the trial revealed that the defendant had his headlights on; the road was lighted with overhead Mercury vapor lamps; Wayne Básele was wearing a white T-shirt; both boys were in their proper traffic lane and presumably within the beam of defendant’s “headlights”, and both bicycles were equipped with reflectors. The evidence disclosed no reason why defendant should not have been able to see the two boys. His failure to see them constitutes negligence which was the sole cause of this mishap.
As to quantum, the trial Judge rendered judgment against the defendants, in solido, in favor of Bobby Básele in the amount of $16,150.60 and in favor of Mrs. Helen Bás-ele in the amount of $15,000.00, together with legal interest from the date of judicial demand until paid and for the costs. The plaintiffs-appellees have prayed for an increase in the amounts awarded.
A search of the jurisprudence regarding these type of cases indicated that the trial Judge is far below the amount to which the appellees are entitled. In the case of Lopitz v. Louisiana Department of Highways, 268 So.2d 269 (La.App. 4th Cir., 1972) an award of $20,000.00 was given to each parent by the Court for the loss of love and affection of their three-year-old son. In Poston v. Firemen’s Insurance Company of Newark, N. J., La.App., 256 So.2d 700, Writ refused, 260 La. 1122, 258 So.2d 376, the Court awarded $35,000.00 to the mother of a nineteen-year-son who lived with his mother and who had the same employer as his mother, even though he did not personally contribute any money to the mother. In Womax v. Earl Gibbon Transport, Incorporated, 226 So.2d 573 (La.App., 4th Cir., 1969), the court awarded $50,000.00 to each parent for the loss of their twenty-year-old son. The award was based purely on loss of love and affection and no loss of support was proved; however, the appellate court reduced the award to $20,000.00 for each parent. In Wright v. Romano, 279 So.2d 735 (La.App., 1st Cir., 1973) an award of $40,000.00 was given to each parent for each child. In Addison v. Travelers Insurance Company, 281 So.2d 805 (La.App., 1st Cir., 1973) an award of $25,000.00 was given to each parent for the loss of a child. In Dupuy v. Pierce, 285 So.2d 321 (La.App., 3rd Cir., 1973) the Court awarded $25,000.00 for the death of an eight-year-old. In Parks v. Liberty Mutual Insurance Company, 291 So.2d 505 (La.App., 2nd Cir., 1974) the Court awarded $75,000.00 for each parent, which was reduced to $35,000.00.
The award is too low. In the assessment of damages in cases involving offenses, much discretion is left to the Judge (LSA-C.C. Art. 1934(3)). It is recognized that uniformity in damage awards is not the criterion for appellate review; Gaspard v. Lemaire, 245 La. 239, 158 So.2d 149 (1963). Similar cases and awards therein should be merely guides. Changing economic conditions as well as the individual facts and circumstances of each case require an individualized approach to each case. Under this rule the amount of damages assessed by the trial judge should not be disturbed unless the appellate court’s examination of the facts reveal a clear abuse *851 of that discretion. We find that the discretion has been abused and that after checking awards of other cases used only as an aid in determining whether there has been abuse of discretion, the award is inadequate and should be increased; Seely v. City of New Orleans Department of Sanitation (La.App., 4th Cir., 1974), 290 So.2d 336.
Under the provisions of the “Insuring Agreements” of the policy, 11(b)(2), the insurer is liable for all costs, including all costs taxed against the insured “ . . . and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company’s liability thereon
Therefore, the judgment of the trial Court is amended to read as follows:
That there be judgment in favor of the surviving children Robert Básele, Sandra Básele Brister and Evelyn Básele Anger-ron and against Edward Champagne, Sr., Edward Champagne, Jr., and Early American Insurance Company, jointly, severally and in solido, in the full sum of $18,874.20, and in favor of Mrs. Helen Básele, individually, against the same defendants, in the amount of $25,000.00 and in favor of Mrs. Helen Básele, as natural tutrix and on behalf of the minor, Terry Básele, and against said defendants in the full sum of $6,291.40 plus legal interest thereon from date of judicial demand until paid, and all costs, provided however, that the company’s liability is limited to (a) its policy limits of $5,000.00, with legal interest thereon from date of judicial demand until paid and all costs and (b) to legal interest upon the excess awards of $45,165.60 over policy limits from December 14, 1973 until such time as (a) is paid or tendered.
Amended and affirmed.