BEER, Judge.
Appellant, Raymond Kimble, sued for wrongful death of his 16-year-old daughter, Susan. The jury returned a verdict for $5,000. By stipulation, judgment was increased by $1,346.38 to cover funeral costs. The sole issue on appeal is whether the jury abused its “much discretion” in awarding only $5,000 general damages.
Mr. and Mrs. Kimble, married in 1956, began to have serious marital problems in 1970. By then, the Kimbles had four daughters, aged 12, 9, 4 and 2. Susan was the second oldest. Mrs. Kimble’s testimony sets that scene:
“Well, as I said, he began to stay out all night. Sometimes it might be eight o’clock the next morning. The children would see he was just getting home. And then I got a phone call from the girl he was seeing and that was how it began to come to light.”
She went on to testify that Kimble rarely took his daughters any place and that the family never had a vacation with him.
Meanwhile, Kimble apparently spent more and more time away from home until he finally abandoned his family on the day of his youngest daughter’s second birthday in July, 1970, moving in with a female friend.
Susan’s reaction to her father’s departure was described by her mother:
“Well, right after he left she (Susan) said she didn’t know what I missed because he wasn’t much of a father. . . . ”
Visits by the children with their father were, thereafter, infrequent, and, again according to Mrs. Kimble, the children’s visits to their father at the home of his female friend became so upsetting to them and created such a problem with respect to visitation generally that the district judge before whom that issue was pending admonished Kimble that he should try to take them only to public places.
Then, a year or two before Susan’s death, she began to blossom, become popular, have dates, and take part in school activities. At this point, according to Mrs. Kimble, appellant began to pay some attention to Susan. Mrs. Kimble testified:
“. . . and the one time in all of my children’s lives did he ever step forward and offer something to them, you know, was when he asked her to go to Colorado with him on a vacation the following summer, of course; which never did culminate.”
In September, 1973, Kimble filed pleadings in the domestic litigation between himself and his wife which conclusively indicated that he had not seen the two oldest girls, Lisa and Susan, since July, 1972, and before that, since February, 1971. At the trial of this case in September, 1978, Kimble acknowledged that he had seen his two youngest daughters only once since Christmas, although one has a “terminal heart condition.” Thus, the record supports the apparent jury conclusion that Kimble showed little interest in any of his family, including his daughter Susan, until a year or so before she died and that, even then, the interest was quite transitory.
*CMLXXVIII Though appellant cites a number of cases awarding damages to parents for the wrongful death of their adolescent children,[1] they all involved parents who were still married and sharing custody of the decedent child.
Able counsel for Kimble also places considerable reliance on Ogaard v. Wiley, 325 So.2d 642 (La.App. 3rd Cir. 1975), which declined to reduce a $35,000 award to a divorced man for the death of his 14-year-old daughter over whom the mother had custody. However, the court, noting the award was “on the high side,” also observed:
“He has provided child support payments to her since his divorce ten years before Kathleen’s death. He exercised visitation rights granted to him in the divorce decree during each of the ten years. Kathleen spent a substantial part of each summer with her father.”
That is not the case here.
More applicable is Little v. Safeguard Insurance Co., 137 So.2d 415 (La.App. 3rd Cir. 1975), which reduced a $17,250 award to a divorced father of a 14-year-old daughter killed in an accident to $7,500, reasoning:
“Certainly it cannot be said that in the instant case the plaintiff . . . has suffered as great a loss of companionship, love and affection, past and future, as [did] the parents in (other cases) . . .”
This record certainly confirms that there was sufficient evidence by which the jury was able to accurately measure Kimble’s loss of love, affection and the companionship of his daughter. We find no abuse of their discretion. The judgment is affirmed, at appellant’s cost.

AFFIRMED.

. Alizzi v. Employers, La.App., 351 So.2d 258 Handy v. LeJeune, La.App., 341 So.2d 1386 Wright v. Romano, La.App., 279 So.2d 735 Addison v. Travelers, La.App., 281 So.2d 805; Dupuy v. Pierce, La.App., 285 So.2d 321.